IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CHRISTOPHER PIERCE,** | ) |
| | ) |
|       **Petitioner,** | ) |
| | ) |
| vs. | )    **Case No. CIV-05-1334-F** |
| | ) |
| **RAY ROBERTS and PHILL KLINE,** | ) |
| | ) |
|       **Respondents.** | ) |

**REPORT AND RECOMMENDATION**

Petitioner appears pro se and brings this action pursuant to 28 U.S.C. §2254 seeking a writ of habeas corpus. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been promptly examined and the undersigned recommends summary dismissal of this action.

According to the petition, Petitioner is currently incarcerated in a prison facility in the State of Kansas. The petition purports to challenge a conviction entered July 28, 1993, pursuant to Petitioner's plea of guilty in Case No. 93CR1197-R, in the Wyandotte County District Court, Kansas City, Kansas. Petitioner's single ground for relief is not altogether clear, but he appears to assert a claim of actual innocence, based on a claim that he "was incarcerated in Douglas County - Omaha at the time of this alleged Kansas City Kansas crime," as "verified by the United States Secret Service...." Petition at 6.

Petitioner has filed four prior habeas actions in this Court, three of which challenged the same Kansas conviction at issue here. *See Pierce v. Mullin*, Case No. CIV-02-945-F (W.D. Okla. July 30, 2002); *Pierce v. Roberts*, Case No. CIV-05-670-F; and

*Pierce v. Roberts*, Case No. CIV-05-997-F (W.D. Okla. Oct. 13, 2005).[1] Each of the three previous actions challenging this Kansas conviction was dismissed because the petition had been filed in the wrong court. The instant petition, like Petitioner's other habeas actions filed in this court, fails to demonstrate any basis upon which this habeas action may be brought in the Western District of Oklahoma. Petitioner is neither in custody in the Western District of Oklahoma nor is he challenging a conviction or sentence imposed in this district. Accordingly, pursuant to 28 U.S.C. 2241(d), venue does not lie in the Western District of Oklahoma.[2]

Under 28 U.S.C. §1406(a), the Court can either dismiss the action or "if it be in the interests of justice" transfer to the appropriate court. Here, the undersigned recommends that the action be dismissed rather than transferred to the United States District Court of Kansas, as a challenge to Petitioner's 1993 Kansas conviction in Case No. 93CR1197-R appears to be untimely under 28 U.S.C. §2244(d)(1).[3] Moreover, Petitioner has not paid the filing fee, and the action has been pending here only since November 14, 2005.

---

[1] In one of the four habeas actions, Petitioner challenged an Alabama conviction, and that action was summarily dismissed for lack of venue. *Pierce v. Mullin*, Case No. CIV-04-1174-F (W.D. Okla. Sept. 6, 2002),

[2] Under 28 U.S.C. §2241(d):
where an application for a writ of habeas corpus is made ... [in] a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

[3] The history of Petitioner's many prior filings in the federal courts in Kansas is set forth in the Report and Recommendation by United States Magistrate Judge Robert Bacharach in *Pierce v. Roberts*, Case No. CIV-95-670-F, Report and Recommendation entered June 29, 2005, at n.2 (noting that based on Petitioner's repetitious filings, the Tenth Circuit Court of Appeals has prohibited Petitioner from filing a second or successive habeas petition) (citing cases). Given the history of Petitioner's prior filings, there is no reason to believe an action in Kansas would result in habeas relief for Petitioner.

Under these circumstances, the undersigned recommends summary dismissal of the action without prejudice to refiling as a habeas corpus action pursuant to 28 U.S.C. §2254 in the District of Kansas.

### **RECOMMENDATION**

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that the petition be dismissed. Petitioner is advised of his right to object to this Report and Recommendation by the 19th day of December, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1, by filing any objections with the Clerk of the District Court. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 28th day of November, 2005.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE